No. 05-559C
(Judge C. Miller)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PURE POWER!, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY BRIEF

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

OF COUNSEL:

CHRISTOPHER J. BURTON
United States Postal Service
Washington, D.C.

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

December 19, 2005

Attorneys for Defendant

TABLE OF CONTENTS

Page

DEFENDANT'S REPLY BRIEF . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 1

I. Pure Power Has Not Sufficiently Alleged The Existence Of An Express Or Implied-In-Fact Contract Between Plaintiff And The United States . . . . . . . . . . . . . . . . . . 3

II. Pure Power Cannot Establish Authority . . . . . . . . 6

III. This Court Lacks Jurisdiction To Consider Pure Power's Procurement-Based Claim Because Pure Power Is Not An Interested Party . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

## FEDERAL CASES


Page(s)

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . . . . . . . . . . 8

Alaska Central Express, Inc. v. United States,
50 Fed. Cl. 510 (2001) . . . . . . . . . . . . . . . . . . . 11

American Fed'n of Gov't Employees v. United States,
258 F.3d 1294 (Fed. Cir. 2001) . . . . . . . . . . . . . 10-11

AT&T Corp. v. United States Postal Service,
57 F.Supp.2d 522 (N.D. Ill. 1998) . . . . . . . . . . . . . 12

AT&T v. United States Postal Service,
21 F.Supp.2d 811 (N.D. Ill. 1997) . . . . . . . . . . . . . 11

Carter Chevrolet Agency, Inc. v.
United States Postal Service,
19 F.Supp.2d 1246 (W.D. Okla. 1997) . . . . . . . . . . . 12

Eagle Design & Management, Inc. v. United States,
62 Fed. Cl. 106 (2004) . . . . . . . . . . . . . . . . . . . 12

Emery World Wide Airlines, Inc. v. United States,
264 F.3d 1071 (Fed. Cir. 2001) . . . . . . . . . . . . . . . 12

Flamingo Indus. (USA) Ltd. v.
United States Postal Service,
302 F.3d 985 (9th Cir. 2002),
rev'd other grounds, 540 U.S. 736 (2004) . . . . . . . . . 12

Franklin Sav. Corp. v. United States,
56 Fed. Cl. 720 (2003) . . . . . . . . . . . . . . . . . . . 6

Indium Corp. of America v. Semi-Alloys, Inc.,
781 F.2d 879, 884 (Fed. Cir. 1985),
cert. denied, 479 U.S. 820 (1986) . . . . . . . . . . . . . 8

Gibbs v. Buck,
307 U.S. 66 (1939) . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES Con't

### FEDERAL CASES

Page(s)

Lewis v. United States,
70 F.3d 597 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . 6

McAfee v. United States,
46 Fed. Cl. 428 (2000) . . . . . . . . . . . . . . . . . . . 4

Motorola, Inc. v. United States,
988 F.2d 113 (Fed. Cir. 1993) . . . . . . . . . . . . . . . 5

Peoples, Gas, Light and Coke Co. v.
United States Postal Service,
658 F.2d 1182 (7th Cir. 1981) . . . . . . . . . . . . . . . 12

Total Med. Mgmt., Inc. v. United States,
104 F.3d 1314 (Fed. Cir. 1997) . . . . . . . . . . . . . . 4

Trauma Serv. Group v. United States,
104 F.3d 1321 (Fed. Cir. 1997) . . . . . . . . . . . . . . 4

United States v. Johnson Controls, Inc.,
713 F.2d 1541 (Fed Cir. 1983) . . . . . . . . . . . . . . 3,5

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . . 9

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . 9

### STATUTES

28 U.S.C. § 1491(a)(1) . . . . . . . . . . . . . . . . . . . 1

28 U.S.C.§ 1491(b)(1) . . . . . . . . . . . . . . . . . . . . 2-3

### MISC.

RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . 6,8

INDEX TO APPENDIX

Page(s)

Declaration of David F. Page . . . . . . . . . . . . . . . . 1

Declaration of Paul D. McGinn . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PURE POWER! INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-559C |
| | ) | (Judge C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF

Defendant respectfully submits the following reply brief in response to the opposition to our motion to dismiss filed by plaintiff Pure Power! Inc. ("Pure Power").

INTRODUCTION

In our motion to dismiss, we established that this Court lacks jurisdiction to consider Pure Power's third amended complaint. With regard to Pure Power's breach of contract claim, we established that the claim does not satisfy the jurisdictional prerequisites of 28 U.S.C. § 1491(a)(1) because Pure Power's complaint provides only conclusory statements regarding the existence of an agreement with the United States and fails to supply sufficient facts to support the basic elements of an express or implied-in-fact contract. We also established that Pure Power failed to identify the Government employee with whom Pure Power allegedly dealt or establish that the individual had authority to bind the United States in contract.

In its response to our motion to dismiss, Pure Power provides no substantive response to our argument that Pure Power's complaint does not supply sufficient facts to support the basic elements of an express or implied-in-fact contract. That failure alone warrants dismissal of Pure Power's breach of contract claim. Pure Power does provide a response to our authority argument, identifying the Federal Government employee who allegedly made certain representations to Pure Power regarding the filter testing. However, Pure Power's response is insufficient to defeat our motion to dismiss. As we discuss below, the individual identified by Pure Power lacked the requisite authority to bind the Government in contract.

With regard to Pure Power's allegation of a violation of the United States Postal Service ("USPS") Procurement Manual, we established that there is no jurisdictional basis for such a claim because Pure Power is not an "interested party" pursuant to the terms of the Tucker Act, 28 U.S.C.§ 1491(b)(1). We established also that Pure Power is, at best, a prospective subcontractor or supplier to Mack Truck. Pure Power's response to our motion to dismiss fails successfully to refute our argument. Pure Power also fails completely to respond to our argument that Pure Power's protest does not implicate a Government solicitation or competitive procurement decision and,

accordingly, places its protest beyond the jurisdictional confines of 28 U.S.C. § 1491(b)(1).

## I. Pure Power Has Not Sufficiently Alleged The Existence Of An Express Or Implied-In-Fact Contract Between Plaintiff And The United States

In our motion to dismiss, we established that Pure Power's complaint failed to allege the basic elements of a contract and instead contained only conclusory allegations of what USPS allegedly "represented" to Pure Power. Comp. ¶¶ 17-18, 26, 43-45. In its response to our motion to dismiss, Pure Power agrees with our argument that, to invoke jurisdiction pursuant to the Tucker Act, it must establish the existence of a contractual relationship with the United States as a jurisdictional prerequisite. Pl. Res. 8-9 (citing United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550-51 (Fed Cir. 1983)).[1] Pure Power likewise agrees with our argument that, to establish a binding contract with the United States, Pure Power must demonstrate "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement

---

[1] "Pl. Res. ___" refers to plaintiff's response to our motion to dismiss. "Pl. Res. Ex. ___" refers to exhibits attached to the declaration of Michael Buley, filed concurrently by plaintiff with its response to our motion to dismiss. "A ___" refers to the appendix to our reply brief.

to bind the United States in contract." Pl. Res. 9 (citing Total Med. Mgmt., Inc. v. United States, 104 F.3d 1314, 1319 (Fed. Cir. 1997)).

While Pure Power agrees with these general propositions, Pure Power fails completely to provide any substantive response to our arguments regarding the deficiency of plaintiff's complaint. See McAfee v. United States, 46 Fed. Cl. 428, 432 (2000) (dismissal proper where complaint does not contain "well pleaded allegations of express or implied-in-fact contract") (citing Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997)). Indeed, while Pure Power states in the "Summary of Argument" portion of its brief that its "[c]omplaint provides adequate statements regarding the existence of an agreement with the United States and does supply sufficient facts to support the basic elements of an express or implied-in-fact contract," Pl. Res. 5, the argument portion of Pure Power's brief contains no such argument or discussion of the sufficiency of its complaint. Pure Power's conclusory allegations (set forth only in the summary of argument portion of its brief) are wholly insufficient to establish the existence of a contract between Pure Power and the Government.[2]

---

[2] Indeed, a document filed by Pure Power with its response to our motion to dismiss suggest that Pure Power recognized it never

Pure Power's response likewise does not address the Federal Circuit's decision in Motorola, Inc. v. United States, 988 F.2d 113, 114-15 (Fed. Cir. 1993), cited in our motion, or its applicability to this case. Pure Power also fails to refute our argument that, pursuant to the alleged agreement, Pure Power would have been, at best, a supplier to Mack Trucks, Comp. ¶ 26, and that as a supplier or subcontractor to Mack Trucks, Pure Power lacks contractual privity with the United States and as such cannot establish standing to bring its breach of contract claim. See Johnson Controls, 713 F.2d at 1550 ("the no-privity rule is synonymous with a finding that there is no express or implied contract between the government and a subcontractor").

Pure Power's response also fails to address our argument that Pure Power's alleged entitlement as the sole supplier of oil filters to Mack Trucks for an unlimited duration is contrary to the well-established principle that an implied-in-fact contract requires a lack of ambiguity in offer and acceptance.

---

was promised a contract with the Postal Service. Pl. Res. Ex. A. Specifically, that document summarizes a conversation between Postal Service special agents and representatives of Pure Power, wherein an individual representing Pure Power acknowledges that "they had never been promised a contract." Pl. Res. Ex. A at page 5. That representative likewise stated Pure Power "had not been promised a contract or sub-contract with Mack Trucks but believed that once her filter prevailed in a test, she would automatically get the award."

See Lewis v. United States, 70 F.3d 597, 600 (Fed. Cir. 1995).[3] Pure Power simply has failed to establish any specific, unambiguous contract terms "so that acceptance of that offer will cement a binding bargain enforceable by law." Franklin Sav. Corp. v. United States, 56 Fed. Cl. 720, 742 (2003) (citations omitted).

Pure Power's complaint alleges only conclusory statements regarding the existence of a contract between it and the Government. Pure Power's response to our motion to dismiss provides no additional support for finding the existence of a contract or jurisdiction in this Court. Because Pure Power cannot establish the existence of a contract with the United States, its breach of contract claim should be dismissed for lack jurisdiction pursuant to RCFC 12(b)(1).

II. Pure Power Cannot Establish Authority

In our motion to dismiss, we established that Pure Power has the burden of identifying that the Government employee with which it dealt had the requisite authority to bind the United States in contract. Pure Power's complaint failed completely to identify the individual with whom it dealt or allege the

---

[3] As noted in our motion to dismiss, Pure Power seeks an injunction requiring USPS make "all future purchases" for oil filters from plaintiff. Comp. First Prayer for Relief ¶ 1.

requisite authority. In its response to our motion to dismiss, Pure Power has identified the USPS employee it believes made promises regarding its oil filter. According to Pure Power, documents attached to its response "establish that USPS employee Richard Harris represented to Pure Power that if Pure Power took part in the USPS filter tests, and won, it would be designated the specified filter in the Mack Truck/USPS contact [sic]." Pl. Res. 9.

While Pure Power now has identified the individual with whom it allegedly dealt, Pure Power has failed to establish that Mr. Harris had the requisite authority to bind the Government in contract. Indeed, the documents provided by Pure Power as support for its argument suggest that Mr. Harris did not have the requisite contracting authority. For example, Exhibit D identifies Mr. Harris not as a contracting officer, but as a "Vehicle Maintenance Method Specialist." Pl. Res. Ex. D. Moreover, the fact that Mr. Harris, according to Pure Power, "ordered the testing," does not establish that Mr. Harris had authority to commit the Government in contract. Indeed, the document cited by Pure Power, which is a USPS requisition of supplies, services, or equipment, is signed by another USPS employee approving Mr. Harris' request. Thus, this document indicates that Mr. Harris did not have the requisite authority

because an individual other than Mr. Harris approved the requisition.

Attached to our reply brief are declarations of David F. Page, Manager, Mail Transportation Equipment and Spares Category Management Center, and Paul D. McGinn, Supply Management Policies Specialist, which establish that Mr. Harris did not have contracting authority upon behalf of the United States Postal Service. A 1-5.[4] Accordingly, Pure Power cannot rely upon any alleged statements made by Mr. Harris to establish the requisite authority here.

Pure Power also relies upon a letter from James Buie to Pure Power informing Pure Power that its competitor's oil filter had been chosen for use in the most recent buy of Mack Trucks. Pl. Res. Ex. E.[5] According to Pure Power, "[t]he letter does not disavow any contractual relationship or the terms as

---

4 As noted in our motion to dismiss, in deciding a motion pursuant to RCFC 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). If the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Gibbs v. Buck, 307 U.S. 66, 72 (1939).

5 Pure Power's response incorrectly identifies this letter as Exhibit D of its appendix. In actuality, it is marked Exhibit E.

understood by the parties." Pl. Res. 10. Pure Power's argument is, at best, a red herring.

Pure Power does not establish why it would have been incumbent upon Mr. Buie to "disavow any contractual relationship or the terms as understood by the parties." Pl. Res. 10. Mr. Buie's letter simply states that Pure Power's filter had not been selected for use in the most recent USPS buy of Mack Trucks. The fact that a Government agency participates in an analysis of various commercial products does not, in and of itself, equate to an agreement by the Government to utilize any of those products at the completion of the analysis.[6]

Mr. Buie's letter is silent with regard to the underlying claim by Pure Power, i.e., that Pure Power's oil filter would be specified as the approved filter if it "won" certain tests. Pl. Res. 9. A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. King, 395 U.S. 1, 4 (1969). Pure Power cannot properly establish the existence of a

[6] The declarations attached to this reply brief likewise establishes that Mr. Buie did not have contracting authority. While not specifically argued by Pure Power, Mr. Buie's letter, even if deemed somehow relevant to the issue of the alleged agreement, would not provide evidence of authorized ratification by the agency of any earlier alleged promise by an unauthorized Government employee. A 1-5.

contract (and thereby a waiver of sovereign immunity) by implying its existence from terms of a letter that is silent upon the issue. Pl. Res. 9.[7]

Pure Power has failed to establish the existence of a contract between it and USPS. Its complaint should be dismissed.

III. This Court Lacks Jurisdiction To Consider Pure Power's Procurement-Based Claim Because Pure Power Is Not An Interested Party

In our motion to dismiss, we established that Pure Power was not an "interested party" and, therefore, did not have standing to maintain its procurement-based claim. Specifically, we established that Pure Power is not an actual or prospective bidder but is, at best, a prospective subcontractor or supplier to Mack Truck. In response, Pure Power agrees with our argument that an interested party "is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract." Pl. Res. 11 (quoting American Fed'n of Gov't

[7] Moreover, the letter offered by Pure Power suggests the factual premise of Pure Power's argument (regarding the supremacy of its oil filter) is incorrect. Specifically, Mr. Buie's letter states that the oil filters of Pure Power and its competitor were "virtually equal." Pl. Res. Ex. E. Moreover, the letter states that the filtering system of Pure Power's competitor was easier to install the Pure Power's filter. Id.

Employees v. United States, 258 F.3d 1294, 1302 (Fed. Cir. 2001)). As we discuss below, Pure Power cannot establish that it meets this definition.

Pure Power argues that it is an interested party, citing AT&T v. United States Postal Service, 21 F.Supp.2d 811 (N.D. Ill. 1997), for the proposition that "[t]he competitive interests of a prospective supplier is sufficient to confer standing." Pl. Res. 11. Pure Power's argument misses the mark.

Pure Power, unlike the plaintiff in AT&T, would not have been a direct supplier of goods to the Government. 21 F.Supp.2d at 815, 817. Rather, pursuant to the scenario set forth in its complaint, Pure Power, at best, would have been a supplier of goods to another contractor, Mack Trucks, who was the party in privity with the United States. As established in our motion to dismiss, for a party to have standing in this Court, it must be an "actual or prospective bidder or offer." Alaska Central Express, Inc. v. United States, 50 Fed. Cl. 510, 515 (2001).8 Pure Power, as a prospective supplier or subcontractor to Mack Truck, was not an "offeror" or "bidder," and thus could not

8 We note also that AT&T did not concern or address standing pursuant to the Tucker Act in the context of the Court of Federal Claims, or the definition of interested party recognized by the Federal Circuit in AFG&E, 258 F.3d at 1302.

properly be considered an "interested party." Eagle Design & Management, Inc. v. United States, 62 Fed. Cl. 106, 108 (2004).

Pure Power also cites several decisions for the general proposition that USPS procurement decisions are subject to judicial review. Pl. Res. 11-16 (citing Flamingo Indus. (USA) Ltd. v. United States Postal Service, 302 F.3d 985 (9th Cir. 2002), rev'd other grounds, 540 U.S. 736 (2004); Emery World Wide Airlines, Inc. v. United States, 264 F.3d 1071 (Fed. Cir. 2001); Peoples, Gas, Light and Coke Co. v. United States Postal Service, 658 F.2d 1182 (7th Cir. 1981); AT&T Corp. v. United States Postal Service, 57 F.Supp.2d 522 (N.D. Ill. 1998); Carter Chevrolet Agency, Inc. v. United States Postal Service, 19 F.Supp.2d 1246 (W.D. Okla. 1997).

We do not dispute Pure Power's general proposition that USPS procurement decisions are subject to judicial review and, indeed, we recognize that the Federal Circuit so held in Emery Worldwide Airlines. However, this general proposition does not advance plaintiff's case or confer jurisdiction upon this Court to consider Pure Power's complaint because, as discussed above, Pure Power is not an actual or prospective bidder.

In our motion to dismiss, we established that Pure Power's action also must be lodged in the context of a procurement decision for Pure Power to establish itself as a "bidder" or

"offeror." We also established that Pure Power's complaint did not allege the existence of an on-going competitive procurement process and that Pure Power had not identified any solicitation upon which its procurement-based claim is based.

Pure Power's response fails completely to address this issue. Having failed to base its claim upon a specific procurement decision or solicitation, Pure Power lacks standing to bring this action and the Court should dismiss Pure Power's complaint for lack of jurisdiction.

CONCLUSION

For these reasons, and the reasons set forth in our motion to dismiss, defendant respectfully requests that its motion be granted and that plaintiff's complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

CHRISTOPHER J. BURTON
United States Postal Service
Washington, D.C.

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

DECEMBER 19, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on December 19, 2005, a copy of the foregoing "DEFENDANT'S REPLY BRIEF" and "APPENDIX TO DEFENDANT'S REPLY BRIEF" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON