No. 05-559C
(Judge C. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PURE POWER!, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

APPENDIX TO DEFENDANT'S REPLY BRIEF

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRYANT G. SNEE
Assistant Director

OF COUNSEL:

CHRISTOPHER J. BURTON
United States Postal Service
Washington, D.C.

DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

December 19, 2005

Attorneys for Defendant

# INDEX TO APPENDIX


Page(s)

Declaration of David F. Page . . . . . . . . . . . . . . . . . . 1

Declaration of Paul D. McGinn . . . . . . . . . . . . . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PURE POWER! INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-559C<br>(Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DECLARATION OF DAVID F. PAGE**

I, David F. Page, hereby declare as follows:

1. I am currently employed by the United States Postal Service as the Manager, Mail Transportation Equipment and Spares Category Management Center. I have been in that position since 2002. Previously, I was employed as the Manager, Operational Equipment Purchasing. I have been a contracting officer since 1983.

2. In my position, I am authorized to enter into and administer contracts on behalf of the Postal Service. My contracting authority derives from a written delegation of contracting authority. I received my delegation of contracting authority from A. Keith Strange, the Postal Service's Vice President, Supply Management.

3. I understand that the plaintiff in this case alleges the existence of a contract with the Postal Service concerning the purchase of oil filters. I also understand that plaintiff's allegations are based upon statements allegedly made by Richard Harris, who was at that time a Vehicle Maintenance Method Specialist, and upon an April 29, 1999 letter from James Buie, who was at that time the Manager, Delivery & Customer Services Equipment, in the Postal Service's Engineering

Department.

4. Between 1996 and 1999, I was the Manager, Operational Equipment Purchasing. Operational Equipment Purchasing was responsible for entering into and administering contracts for the purchase of vehicles and related items, including oil filters. Only contracting officers within Operational Equipment Purchasing were authorized to enter into such contracts.

5. Neither Richard Harris nor James Buie were ever appointed as contracting officers for the Postal Service or granted any authority to enter into or commit to contracts on behalf of the Postal Service.

6. Peter Schwind, a contracting officer who worked for me in Operational Equipment Purchasing, was responsible for the 1996 contract between the Postal Service and Mack Trucks. Any changes to the specifications in that contract would have required coordination through Mr. Schwind or me. Neither Mr. Schwind nor I ever promised, committed or agreed to change the specifications of the Mack Trucks contract based on the results of any oil filter tests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15 day of December 2005.

David F. Page
Manager, MTE & Spares CMC
United States Postal Service
Washington, D.C.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PURE POWER! INC., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 05-559C (Judge Christine O.C. Miller) |

**DECLARATION OF PAUL D. MCGINN**

I, Paul D. McGinn, hereby declare as follows:

1. I am currently employed by the United States Postal Service as a Supply Management Policies Specialist. I have been in that position since 1992. I have been working for the Postal Service since 1987.

2. I understand that the events in this case took place between 1996 and 1999. During that period, the Postal Service's procurement activities were governed by the Procurement Manual (until January 1997) or its replacement, the Purchasing Manual (Issue 1 of which became effective on January 31, 1997). The Procurement Manual/Purchasing Manual was a regulation of the Postal Service incorporated by reference at 39 C.F.R. § 211.2, until the Postal Service amended its procurement rules in May 2005.

3. The Procurement Manual and Purchasing Manual both contained provisions governing authority to enter into contracts on behalf of the Postal Service. Both manuals gave the Postal Service's Vice President, Purchasing & Materials ("P&M")(now known as the Vice President, Supply Management) unlimited

contracting authority, as well as the authority to delegate contracting authority to other Postal Service officials.

4. Section 1.5.2.a of the Procurement Manual and section 1.4.2.a of Issue 1 of the Purchasing Manual both state as follows: "The VP, P&M, has delegated contracting authority, including redelegation authority, throughout Postal Service purchasing organizations. An individual contracting officer's contracting and related authorities are enumerated in his or her letter of delegation."

5. Prior to 2003, my office kept records of delegations of contracting authority issued by the Vice President, Purchasing & Materials to individuals who were not warranted contracting officers as defined in the Procurement/Purchasing Manual.

6. I understand that plaintiff alleges it entered into a contract with the Postal Service concerning the purchase of oil filters, and that plaintiff's contract allegations are based upon statements allegedly made by Richard Harris, formerly a Vehicle Maintenance Method Specialist, and an April 29, 1999 letter from James Buie, who was at that time the Manager, Delivery & Customer Services Equipment, in the Postal Service's Engineering Department. I have reviewed our records of delegations in effect between 1996 and 1999 to determine whether either Mr. Harris or Mr. Buie had a delegation of contracting authority. My review revealed no such delegation(s).

7. To the best of my knowledge, neither Richard Harris nor James Buie had a written delegation of contracting authority to bind the Postal Service.

Pursuant to 28 U.S.C. ' 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this16 day of December 2005.

Paul D. McGinn
Supply Management Policies Specialist
United States Postal Service
Washington, D.C.